Jesse Dan CATES, Appellant,

v.

The STATE of Texas.

No. 1206–02.

Court of Criminal Appeals of Texas.

Nov. 12, 2003.

---

Tim Copeland, Abilene, for Appellant.

Stephen E. Bristow, District Attorney, Graham, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

COCHRAN, J., delivered the opinion of the Court, joined by MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and HOLCOMB, J.J.

In this case we must decide whether a trial court abuses its discretion when it refuses to allow defense witnesses to testify at a *Franks* evidentiary hearing after: (1) a defendant has made a substantial preliminary showing of falsity, and (2) the State has been allowed to present testimony in support of the affidavit's accuracy and the affiant's veracity.[1] The court of appeals held that the refusal to permit the defense to call witnesses was within the trial court's discretion.[2] We disagree and hold that such a refusal is an abuse of discretion.

### I.

On February 18, 1999, Officer Marty Baker obtained a search warrant for appellant's residence. In his affidavit accompanying the warrant, Officer Baker stated that on February 18, 1999, a confidential informant told him that Willie Cates and Donnie Hope were in possession of methamphetamine at Cates' residence. Officer Baker alleged that he has known the confidential informant for more than three years and that this informant: (1) had provided credible information in the past; (2) was lawfully employed in the community; (3) had admitted his/her own prior drug use but now does not condone the use of drugs; and (4) had been at the home of Willie and Donnie Hope within the 72 hours preceding the affidavit and observed both of them in possession of methamphetamine.

Prior to trial, appellant filed a motion to suppress alleging that:

[t]he affidavit made by Marty Baker on the 18th day of February, 1999 ... contained a deliberate falsehood as to the description of the confidential informant who allegedly gave affiant Marty Baker the information used as a basis of the affidavit.... Defendant knows that these allegations are false and that the affiant knows that they are false for the reason that it was the Defendant who voluntarily went to the Breckenridge Police Department as a complaining citizen ... [and] complained that Donnie Hope was unlawfully occupying [appellant's] residence. The Defendant, as a complaining citizen, sought to file a formal complaint charging the said Donnie Hope with criminal trespass. At no time did the Defendant, as an informant or complaining witness against Donnie Hope, allege that he had seen Donnie Hope in his residence in possession of a white powdery substance. The Breckenridge·Police officers refused to take the Defendant's complaint against Donnie Hope. Instead, they used his complaint as a pretext to gain entry to Defendant's home....

■ The trial court held a brief hearing on appellant's motion. Officer Baker testified to the facts contained in the affidavit and was cross-examined by the defense. The defense called Mrs. Willie Cates. The State objected to the testimony of Mrs. Cates by arguing that it would

---

1. We granted appellant's *pro se* ground for review alleging that: "The court of appeals erred by holding that the refusal of the trial court to require or allow witnesses to testify for the appellant during the suppression hearing was within the trial court's discretion."

2. *Cates v. State*, No. 11–01–00090 CR (Tex. App.-Eastland, May 30, 2002) (not designated for publication).

violate the "four corners" rule.[3] After brief argument, the trial court denied appellant's motion to suppress without allowing the defense the opportunity to call any witnesses to prove his *Franks* claim.

## II.

■■■■ In *Franks v. Delaware*[4] the United States Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."[5] An affidavit supporting a search warrant begins with a presumption of validity; thus, the defendant has the burden of

making a preliminary showing of deliberate falsehoods in that affidavit before he is entitled to a *Franks* hearing.[6] As the Supreme Court explained:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.[7]

3. When a challenge is made as to whether a search warrant affidavit is legally sufficient to show probable cause, the trial court is limited to the "four corners" of the affidavit. *See Gaston v. State*, 440 S.W.2d 297, 302 (Tex. Crim.App.1969). This is entirely different from a challenge to the truthfulness of a warrant affidavit and whether the affiant made knowing misrepresentations to establish probable cause. When the defendant challenges the warrant affidavit on the ground that it contains known falsehoods, as is the case here, the trial court is not limited to the "four corners" of the affidavit. *See generally,* GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 6.36–6.43 (2d ed.2001). Limiting a falsity challenge to the four corners of the warrant affidavit negates the underlying challenge and raises serious due process concerns. *See Franks v. Delaware*, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (stating that "if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment *requires* that a hearing be held at the defendant's request") (emphasis added). Thus, if a defendant has made a substantial preliminary showing of deliberate falsity, the trial court is *required* to go behind

the "four corners" of the affidavit in a *Franks* evidentiary hearing.

4. 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

5. *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674. *See* Wanda Ellen Wakefield, Annotation, *Disputation of Truth of Matters Stated in Affidavit in Support of Search Warrant–Modern Cases*, 24 A.L.R.4th 1266, § 3 (2003) (stating that "[i]t is settled by the Supreme Court of the United States in *Franks v. Delaware* ... that a defendant in a criminal case claiming that he had been subjected to a search or seizure under a warrant the issuance of which was not justified by the circumstances may controvert, in appropriate circumstances and procedures, the truthfulness of matters stated in the affidavit offered in support of the warrant. No purpose would be served by an exhaustive citation of cases to this well-settled proposition, whether decided before or after the Supreme Court's decision").

6. *Franks*, 438 U.S. at 171, 98 S.Ct. 2674.

7. *Id.* at 171, 98 S.Ct. 2674.

In *Ramsey v. State*[8] this Court laid out the three-part test for obtaining a *Franks* evidentiary hearing.[9] The defendant must:

(1) "Allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false";

(2) "Accompany these allegations with an offer of proof stating the supporting reasons"; and

(3) "Show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant." [10]

In this case, the State argued to both the trial and appellate courts that appellant was not entitled to a *Franks* hearing because his written motion did not contain sworn affidavits or sworn statements.[11] However, nothing in our law requires the defendant to include a sworn affidavit in making a preliminary showing under *Franks*.

In *Ramsey*, for example, the police officer testified that the informant told the officer that he had been in the defendant's motel room during the past twenty-four hours and observed the defendant in the possession of heroin.[12] The defense wanted to have the informant testify, but he was in jail. The trial court asked defense counsel about the informant's anticipated testimony, and counsel responded that the informant would testify that he "had told him that he had never been in the motel room, and had not told officer Walker that he had." [13] The trial court refused to allow the testimony of the informant but said that defense counsel's statements "could be included in the record as a Bill of Exception." [14] We stated:

[a]lthough no affidavit or other written support was offered, the trial court accepted defense counsel's statement as a

---

8.   579 S.W.2d 920 (Tex.Crim.App.1979).

9.   *Ramsey*, 579 S.W.2d at 922–23.

10.   *Id.*

11.   The State cites *Dancy v. State*, 728 S.W.2d 772, 781 (Tex.Crim.App.1987), but in that case the defendant's written motion to suppress did not set out any factual allegations of falsity, nor did it contain any statements of fact that would dispute the accuracy of the affidavit information, nor did the defense make any oral offer of proof at the suppression hearing. This Court held that cross-examination of the affiant-officer on minor discrepancies in the affidavit did not raise, much less prove, a *Franks* claim. *Id.* at 781–83.

The State also relies upon *Muniz v. State*, 844 S.W.2d 260 (Tex.App.-San Antonio 1992), *vacated on other grounds*, 852 S.W.2d 521 (1993). In that case, the defendant attached an affidavit to his motion to suppress in an attempt to make a threshold showing under *Franks*. The defendant, said that although "my recollection may not be as good as it

could be ... I do not believe ... that there was anyone who would have seen cocaine in my home within the 24 hours preceding the issuance of the warrant. I have asked my family members if they can recall whether anyone was in our house, and, to the best of everyone's recollection, no one had been there." *Id.* at 261. The court of appeals stated that "I don't recall any person seeing cocaine in my house" statements are not sufficient to support an assertion of deliberate falsity. *Id.* Nonetheless, the trial judge did hold a hearing and "heard testimony on the issue from both appellant and the affiant on the search warrant." *Id.* During his testimony, however, the defendant further weakened his *Franks* assertion by stating that he was absent from home for several hours during that 24 hour period. *Id.* Therefore, the trial judge did not err in denying the motion to suppress. *Id.*

12.   *Ramsey*, 579 S.W.2d at 921.

13.   *Id.*

14.   *Id.*

Bill of Exception. We note that in *Franks* no affidavit or other written material was offered, but only a statement by defense counsel as to what would be shown if he were allowed to call witnesses on the issue. In the present case, the trial court refused to allow the defense to call a witness shown to be available but allowed defense counsel's statements as a Bill of Exception. Here, as in *Franks*, this preliminary showing is sufficient.[15]

In *Ramsey* we held that it was sufficient for defense counsel to allege a deliberate falsehood, specifically point out that portion of the affidavit alleged to be false, and make an oral offer of proof (which the trial court called a bill of exception) to satisfy the substantial preliminary showing required by *Franks*.[16] Because the trial court did not permit the defense to call its witness to prove its *Franks* challenge, we reversed the judgment of conviction to allow the defendant to have an evidentiary hearing and call the informer to testify.[17]

### III.

In the present case, the trial court held a brief pre-trial hearing on appellant's motion to suppress. At this hearing, the State called one witness, Officer Marty Baker, who testified to the events that led to the drafting and execution of the search warrant and the facts set out in the affidavit.[18] Defense counsel was permitted to cross-examine Officer Baker. The defense then called Willie Cates to the stand. The State objected and stated "if he [defense counsel] is attacking the four corners of a search warrant that again is not allowed by statute." The State went on to argue that "this is going back to the *Franks* hearing. And there has to be a substantial preliminary showing of a false statement before we can start going behind or do the attack under *Franks*, and he hasn't met that yet."

In his motion to suppress, however, appellant had made a substantial preliminary showing of falsity under *Franks*.

■ The first prong of *Franks* provides that the defendant must allege a deliberate falsehood (or the affiant's reckless disregard for the truth) and specifically point out that portion of the affidavit alleged to be false. Appellant's motion stated: "The affidavit made by Marty Baker on the 18th day of February, 1999, . . . contained a deliberate falsehood as to the description of the confidential informant who allegedly gave affiant Marty Barker the information used as a basis of the affidavit." The motion then specifically listed six portions of the affidavit alleged to be deliberately false.[19] Moreover, appellant's motion stat-

15. *Id.* at 923 (citation omitted).

16. *Id.*

17. *Id.*

18. Officer Baker's testimony went beyond the "four corners" of the affidavit and included information that: 1) he drove the confidential informant to the Cates residence; 2) the confidential informant went into the Cates residence and then came back out and told Officer Baker that "the drugs" were in the residence; 3) Donnie Hope had previously told Officer Baker that he sold controlled substances in Stephens County; 4) Officer Baker had information that drugs were being sold at this residence before he drove the informant there.

19. These six portions are:
   1. That affidavit [sic] has known the confidential informant for a period of over three (3) years.
   2. That the confidential informant has provided information to the affiant in the past in reference to drug offenders in the Stephens County area.
   3. That the confidential informant is employed in a lawful occupation within the community.

ed that Officer Baker knew that these allegations were false because "it was the Defendant who voluntarily went to the Breckenridge Police Department as a complaining citizen."[20] By alleging a deliberate falsehood by the affiant and specifically pointing out those portions of the affidavit claimed to be false, as well as identifying the specific reasons why he knows this information is false, the appellant has satisfied the first prong of *Franks*.

We turn then to the second prong of *Franks*. Under that prong, the defendant must accompany his allegations of falsity with an offer of proof, affidavit, or otherwise reliable witness statements, unless their absence is "satisfactorily explained."[21] *Franks* itself involved an oral amended motion to suppress "to include an attack on the veracity of the warrant affidavit."[22] The motion was not supported by affidavit or sworn statements of witnesses, only defense counsel's assertions as to what the intended witnesses would testify to.[23] These assertions sufficed as "otherwise reliable statements of witnesses." Similarly, in *Ramsey*, this Court held that a defense counsel's statements as to what the proposed witness would testify to sufficed for purposes of the second prong of *Franks*.[24]

In this case, appellant's motion explained in great detail that he was the person who had gone to the police station as a complainant against Donnie Hope, but that he said nothing to the officers about any drugs or white powdery substance. He also set out the following:

> Defendant and his wife, Willie Cates, know that there was no adult person engaged in a lawful occupation in Breckenridge, Texas, who at any time entered their residence at 903 North Rose Avenue within 72 hours of the making of the said affidavit. If there was no employed adult that came within the residence or on the property, then there could not have been a confidential informant at Defendant's residence such as is described in the affidavit.

Surely, this can only be construed as an offer of what appellant and his wife, Willie Cates, would testify to at a *Franks* hearing if they were allowed to do so. That is not to say, of course, that the trial judge would necessarily believe them. But if he did, appellant's testimony would satisfy the third prong of *Franks*.

That third prong requires the defendant to prove that if the deliberately false portions of the affidavit were excised, the "four corners" of the remainder of the affidavit no longer showed probable cause

4. That the confidential informant had voluntarily admitted his own abuse of drugs, but no longer condoned the abuse of drugs.
5. That the affiant knows that Willie Cates was arrested for assault and believes that officers may be in jeopardy if they announce their presence.
6. That within the 72 hours just passed before the making of the affidavit, the confidential informant had been in the Defendant's residence at 903 North Rose Avenue in the City of Breckenridge, Stephens County, Texas, and had observed the suspected parties: "Donnie Hope" and "Willie Cates" in posses-

sion of an off-white powder substance that Donnie Hope reported to be methamphetamine.

**20.** Appellant had sought to file a formal complaint against Donnie Hope for criminal trespass.

**21.** *See Franks*, 438 U.S. at 171, 98 S.Ct. 2674; *Ramsey*, 579 S.W.2d at 922.

**22.** 438 U.S. at 158, 98 S.Ct. 2674.

**23.** *Id.*

**24.** 579 S.W.2d at 923.

to search the particular location. In this case, if there were no confidential informant, or if no confidential informant had been in the Cates' home within the 72 hours before the affidavit was prepared, then there was no probable cause to support the affidavit. Here, that affidavit was supported *only* by the statements of the confidential informant.

Therefore, guided by the similarities in this case to both *Franks* and *Ramsey*, we conclude that appellant has met all three prongs of *Franks* and made a substantial preliminary showing of falsity. We hold that appellant was entitled to an evidentiary hearing in which to offer proof of his *Franks* challenge.

## VI.

The court of appeals did not directly address the sufficiency of appellant's *Franks* motion to suppress. Instead, it held that the allegations within the affidavit were sufficient to establish probable cause and stated: The trial court had discretion as to what to consider in determining the merits of the motion to suppress. The refusal of the trial court to require witnesses to testify at the hearing was within the trial court's discretion.[25]

 *Franks* itself states that a person who has made a substantial preliminary showing of falsity in the affidavit is entitled to an "evidentiary hearing."[26] That phrase, "evidentiary hearing," normally means a live hearing in court with witnesses on the witness stand. But we need not today decide whether a *Franks* evidentiary hearing must always be conducted with live witnesses because, in this case,

25.  *Cates,* slip op. at 2.

26.  438 U.S. at 171, 98 S.Ct. 2674.

27.  Article 28.01(6) provides that "[w]hen a hearing on the motion to suppress evidence is

the trial judge did not allow appellant the opportunity to offer evidence to prove his *Franks* claim in any of the ways set out in article 28.01, § 1(6).[27] Accordingly, by denying the defendant the opportunity to present testimony or any other evidence to prove his specific allegations of falsity, the trial court denied appellant his right to a full *Franks* hearing.

## V.

For the foregoing reasons, we sustain appellant's ground for review, reverse the judgment of the court of appeals, and remand this cause to that court for further proceedings consistent with this opinion.

KELLER, P.J., and KEASLER, J. concurred in the result.

granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court."