11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jesse Dan Cates

Appellant

Vs.                   No.
11-01-00090-CR -- Appeal from Stephens County

State of Texas

Appellee

 

                                                                     On
Remand

The jury convicted Jesse Dan Cates of the offense
of possession of a controlled substance (methamphetamine weighing 4 grams or
more but less than 200 grams) in a drug-free zone, found the enhancement
allegation to be true, and assessed punishment at confinement for 25 years and
a $10,000 fine.  This court previously
affirmed appellant=s
conviction on original submission.  Upon
appellant=s
petition for discretionary review, the Court of Criminal Appeals determined
that the trial court effectively denied appellant his right to a full Franks[1]
evidentiary hearing by denying him the opportunity to present testimony or any
other evidence to prove his allegations of falsity with respect to the
affidavit in support of the search warrant for appellant=s
residence.  Cates v. State, 120
S.W.3d 352, 359 (Tex.Cr.App.2003).  The
Court of Criminal Appeals reversed the judgment of this court, held that the
trial court abused its discretion in refusing to permit the defense to call
witnesses to testify at a Franks hearing, and remanded the cause to this
court for further proceedings consistent with the opinion of the Court of
Criminal Appeals.  Cates v. State,
supra.  








On March 18, 2004, we abated the appeal so that
appellant could present testimony and other evidence in support of his
allegations regarding the falsity of the probable cause affidavit.  See Crosson v.
State, 36 S.W.3d 642 (Tex.App. - Houston [1st
Dist.] 2000, no pet=n).  The trial court has now held a full Franks
hearing and entered findings of fact and conclusions of law as ordered by this
court.  At the conclusion of the hearing,
the trial court overruled appellant=s
motion to suppress.  We affirm.  

With respect to the Franks issue, appellant
has urged that the trial court erred in denying his motion to suppress due to
the lack of probable cause because the affidavit in support of the search
warrant contained false information. 
Appellant contended that the officer=s
affidavit contained deliberate falsehoods as to the description of the
confidential informant and the information allegedly conveyed to the officer by
the informant.  In his motion to
suppress, appellant specifically asserted that the portions of the affidavit
alleging the following facts were deliberately false:  

1.  That affi[ant] has
known the confidential informant for a period of over three (3) years. 

 

2.  That the confidential informant has provided
information to the affiant in the past in reference to drug offenders in the
Stephens County area.  

 

3.  That the confidential informant is employed
in a lawful occupation within the community. 


 

4.  That the confidential informant had
voluntarily admitted his own abuse of drugs, but no longer condoned the abuse
of drugs.  

 

5.  That the affiant knows that Willie Cates was
arrested for assault and believes that officers may be in jeopardy if they
announce their presence.  

 

6.  That within the 72 hours just passed before
the making of the affidavit, the confidential informant had been in the
Defendant=s
residence...and had observed the suspected parties:  ADonnie
Hope@ and AWillie Cates@
in possession of an off-white powder substance that Donnie Hope reported to be
methamphetamine.  

 








In Franks, the Supreme Court addressed the
issue of using false information in an affidavit that supports a warrant.  The Court held that, when an allegation of
perjury or reckless disregard is established by the defendant at a suppression
hearing by a preponderance of the evidence, the false information must be
disregarded.  If the affidavit=s remaining content is insufficient to
establish probable cause, the search warrant must be voided and the fruits of
the search excluded.  Franks v.
Delaware, supra at 156; Hinojosa v. State, 4 S.W.3d 240, 246-47
(Tex.Cr.App.1999).  At a Franks
hearing, the trial court is the sole fact finder and judge of the witnesses= credibility and of the weight of the
evidence.  As such, the trial court is
owed great deference, and its ruling will not be disturbed unless it is outside
the bounds of reasonable disagreement.  Hinojosa
v. State, supra; Janecka v. State,
937 S.W.2d 456, 462 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 825 (1997).  

At the Franks hearing in this case, appellant
and his wife, Willie Marie Hope Cates, testified.  Appellant also introduced a transcript of the
previous testimony of Willie and four people who were at her house on the day
that the confidential informant purportedly saw Willie and Donnie in possession
of methamphetamine.  The gist of all of
this evidence was that nobody had been present in appellant=s home when Willie and Donnie were
present; that no adults other than those witnesses had been in appellant=s home on the date in question; and
that, within a few days of the warrant, appellant himself had been to the
police station in an attempt to file criminal trespass charges on Donnie, who
was appellant=s
brother-in-law.  

The transcript of Officer Marty Baker=s previous testimony was also
introduced at the Franks hearing. 
According to Officer Baker, all of the information contained in his
affidavit was accurate.  Officer Baker
testified that he was working undercover as an agent with the West Central
Texas Interlocal Crime Task Force on February 17,
1999, when he dropped a confidential informant off at appellant=s residence.  The confidential informant returned and
informed Officer Baker that Willie and Donnie were in the residence in
possession of a substance that they indicated was methamphetamine.  Officer Baker also confirmed that he had
known the informant for over three years, that the informant had provided
information in the past, that the informant was employed in the community, that
the informant admitted prior drug use, and that Willie had previously been
arrested for assault.  Officer Baker
testified further that the information contained in his affidavit had nothing
to do with appellant=s
visit to the police station to file a complaint against Donnie.  Officer Baker testified that he had no
knowledge of appellant=s
visit to the police station.  

We hold the trial court=s
ruling was not outside the bounds of reasonable disagreement.  The issue at the Franks hearing in
this case came down to a credibility determination.  Consequently, we must defer to the trial
court=s
implicit rejection of appellant=s
evidence.  Hinojosa v. State, supra
at 247.  Appellant=s
contention under Franks is overruled. 









The judgment of the trial court is affirmed.  

 

PER CURIAM

 

May 20, 2004  

Publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]Franks v. Delaware, 438 U.S. 154 (1978).