11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jesse
Dan Cates

Appellant

Vs.                   No. 11-01-00090-CR -- Appeal from Stephens County

State
of Texas

Appellee

 

                                       Opinion
on Remand from Court of Criminal Appeals

The jury convicted Jesse Dan Cates of possession
of more than 4 but less than 200 grams of methamphetamine in a drug-free
zone.  The jury found the enhancement
allegation to be true and assessed punishment at confinement for 25 years and a
$10,000 fine.  We affirm.

This court originally found that the evidence was
legally and factually sufficient to support the conviction, that trial counsel
did not provide ineffective assistance of counsel, and that the trial court did
not abuse its discretion in denying the amended motion to suppress and affirmed
the conviction in an unpublished opinion on May 30, 2002.  The Court of Criminal Appeals held that the
trial court abused its discretion by failing to conduct a Franks[1]
evidentiary hearing and reversed and remanded the appeal to this court.  Cates v. State, 120 S.W.3d 352
(Tex.Cr.App.2003).

On remand, this court abated the appeal and
directed the trial court to conduct a Franks hearing.  The trial court has so done.  The reporter=s
record from the hearing and a supplemental clerk=s
record containing the trial court=s
findings of fact and conclusions of law have been filed. 








The basis of appellant=s
contentions in his amended motion to suppress, at the trial, and on remand  is that West Central Texas Interlocal Crime
Task Force Agent Marty Baker made deliberate false statements in his affidavit
supporting the search warrant.  In his
affidavit, Agent Baker stated that a confidential informant had observed,
inside appellant=s
residence, Willie Marie Hope Cates (appellant=s
wife) and Donnie Hope (Willie=s
brother) in possession of an off-white powder substance that Donnie said was
methamphetamine.  Both at the trial on
the merits and during the Franks hearing, appellant developed
testimony  that Willie and Donnie were
not together at the residence during the time period described in Agent Baker=s affidavit.  

At the Franks hearing, appellant offered
the prior testimony of the five witnesses that he had called at the trial on
the merits as Defendant=s
Exhibit No. 1.  Then, appellant called
Willie to testify.  Next, appellant
testified.  After appellant finished
presenting his evidence, the State offered Agent Baker=s
prior testimony from the original suppression hearing as State=s Exhibit No. 1.  When the trial court asked if appellant had
any objections to State=s
Exhibit No. 1, appellant stated, ANo,
Your Honor.@

Appellant now contends in his supplemental brief
on remand that the trial court erred at the Franks hearing.  Appellant argues that Franks required
the State to produce live testimony and contends that the admission of State=s Exhibit No. 1 resulted in the denial
of his constitutional right to cross-examination.  We disagree.

In Franks, the Supreme Court stated:

[W]e
hold that, where the defendant makes a substantial preliminary showing that a
false statement knowingly and intentionally, or with reckless disregard for the
truth, was included by the affiant in the warrant affidavit, and if the
allegedly false statement is necessary to the finding of probable cause, the
Fourth Amendment requires that a hearing be held at the defendant=s request. In the event that at that
hearing the allegation of perjury or reckless disregard is established by the
defendant by a preponderance of the evidence, and, with the affidavit=s false material set to one side, the
affidavit=s
remaining content is insufficient to establish probable cause, the search
warrant must be voided and the fruits of the search excluded to the same extent
as if probable cause was lacking on the face of the affidavit.

 

Franks v. Delaware, supra at 155-56.

We disagree with appellant=s
interpretation that Franks requires the State to produce live testimony
at the hearing.  Franks places the
burden on the defendant to first make a Asubstantial
preliminary showing@ of a
false statement and then establish at a hearing Aby
a preponderance of the evidence@
the Aallegation
of perjury or reckless disregard.@  Moreover, appellant affirmatively stated that
he had no objection to the admission of State=s
Exhibit No. 1, Agent Baker=s
prior testimony.  This issue is
overruled.

All of appellant=s
arguments have been considered.  Each is
overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

July 21, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Franks v. Delaware, 438 U.S. 154 (1978).