# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-04-00614-CR

---

**Bryan Keith Theis, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-01-336, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Bryan Keith Theis appeals from a conviction by a jury of possession of child pornography. *See* Tex. Pen. Code Ann. § 43.26 (West 2003). Appellant filed a pre-trial motion to suppress, which the trial court denied. The jury assessed punishment at two years' confinement and a $2500 fine, and recommended that the sentence be suspended and that he be placed on community supervision. The court suspended imposition of the sentence and placed appellant on community supervision for ten years. In four points of error, appellant challenges the affidavit accompanying the search warrant that authorized the search of appellant's premises, including his computer. The State did not file a brief on appeal. Because the affidavit did not provide the issuing magistrate with a substantial basis to determine that probable cause existed, we reverse the judgment of the trial court and remand for further proceedings.

# FACTS AND PROCEDURAL BACKGROUND

Following a hearing on appellant's motion to suppress that extended over two days in April and a third day in August 2004, the district court denied appellant's motion. At the hearing, the State presented a copy of the search warrant and affidavit reflecting that on April 12, 2001, Texas Ranger Tommy Ratliff presented an affidavit in support of a search warrant to a county court at law judge to search appellant's apartment. The affidavit supplied by the affiant-officer to support the search warrant included the following averments to establish probable cause:

> On April the 9th, 2001 a complaint was made in McClennan [sic] County, Texas to commissioned Peace Officers in that area, by a female juvenile victim who was fifteen years of age at the time of the alleged offense, who alleged she had sexual contact with a peace officer employed with the Hays County Sheriff's Office within the jurisdiction of Hays County on multiple occasions from a period of time on or before October of year 2000 until November of year 2000.
>
> Affiant has a written statement that outlines a relationship beginning with the victim and a certain Hays County Deputy on or before July of year 2000 that was of an official nature and subsequently unofficial. The victim advises this certain Deputy visited the victim on the campus of a Hays County high school on multiple occasions, specifically to speak and/or visit the victim on that campus.
>
> * * *
>
> The victim alleges she has been to the residence of the alleged actor on multiple occasions, noting that residence is situated "near the juvenile detention center in San Marcos, Texas." Affiant has confirmed the locality of the alleged actors residence as being near that Juvenile Detention Center in San Marcos, while the victim was residing approximately twenty miles away.

The officer further averred that the juvenile "alleges that the Deputy began to procure a platonic relationship with the victim that eventually led to the Deputy asking questions and making statements to the victim that were sexually explicit in nature." The deputy then began to visit her

2

at home.  The juvenile alleged that she had information about the apartment and its contents which included photographs of the deputy in various stages of nudity, nude sketches on the wall, a computer and its peripherals, and "contraband related to illegal narcotics."

In addition to sexual contact, the officer averred that "the victim also states the alleged actor has shown her sexually explicit images on the actors computer while in the actors apartment.  The victim advises she has smoked marijuana with the alleged actor at his apartment specifically advising the location of the contraband and its related paraphernalia within the alleged actors apartment."

The officer then sought to provide expert testimony through his own "training and experience" and that of an author:

> The Affiant, through his training and experience, along with published information by noted author Seth L. Goldstein, who wrote a practical guide to the assessment, investigation, and intervention titled 'The Sexual Exploitations of Children' has learned the following characteristics:
>
> a.   There are persons whose sexual objects are children.  They receive sexual gratification and satisfaction from actual physical contact with children and from fantasy involving use of pictures and other pornographic or art mediums, and writing on or about sexual activity with children.

The affidavit continues with two pages detailing the characteristics of persons who sexually exploit children.  The officer does not further identify his training and experience nor does he link the characteristics to appellant.  He concludes the listing of characteristics as follows:

> Many of the materials requested for seizure may identify children who have been or are being sexually exploited through child molestation, child pornography, and/or child prostitution.  The materials may also identify other adults who are engaging in the sexual exploitation of children by these means.  In addition, these materials may

3

demonstrate the sexual proclivity, inclination, preference, and activities of the person(s) under investigation, providing evidence that will tend to show that the person(s) under investigation has committed a felony, to wit: Indecency with a Child . . . .

The officer sought to search appellant's apartment and seize evidence of, *inter alia*, (i) safe deposit boxes and storage facilities containing items relating to the sexual exploitation of children through child molestation, child pornography, sexual assault, and child prostitution, and (ii) personal computers, including hardware and software and "computer disk of all sizes utilized to store information and images for any computer seized at the above described residence, and any files or programs of information and images on or within any computer or computer disk at this address to be searched that would associate the alleged actor with illegal acts with the victim of this affidavit, or any other juvenile victim of child abuse."

Based on the officer's probable cause facts in the affidavit, and the officer's belief that appellant had committed the offense of indecency with a child, the judge issued a search warrant. A search of appellant's residence resulted in the seizure of a computer that contained images of child pornography.

Appellant was indicted on five counts of sexual assault of a child, two counts of delivery of marihuana to a minor, and three counts of possession of child pornography. Appellant moved to suppress the evidence seized pursuant to the search warrant, which the trial court denied. At appellant's request, the sexual assault counts were severed and tried to a jury. In April 2004, a jury found appellant not guilty on all counts. In August 2004, a second jury was empaneled for the remaining counts. Appellant again moved to suppress the evidence, which the trial court denied. The jury acquitted appellant of two counts of possession of child pornography and convicted him

4

on one count of possession of child pornography involving a single image. The State dismissed the remaining counts for delivery of marihuana to a minor.

**ANALYSIS**

Appellant argues that the trial court erred in denying his motion to suppress the evidence obtained pursuant to the search warrant because the affidavit supporting the warrant (i) lacked sufficient facts to establish probable cause to seize the computer for images of child or adult pornography or evidence of indecency with a child, (ii) lacked particularity as to time frame and was therefore overbroad, and (iii) failed to link appellant to the facts set forth in the affidavit.

We review *de novo* the trial court's application of the law of search and seizure and probable cause. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Appellate review of the sufficiency of an affidavit in support of a search warrant, however, is not *de novo*; rather, great deference is given to the magistrate's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004). The test for determination of probable cause is whether the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236.

In assessing the totality of the circumstances to determine whether probable cause exists, our review is confined to the four corners of the affidavit. *See Cates v. State*, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003) (stating that when challenge is made "as to whether a search warrant is legally sufficient to show probable cause, the trial court is limited to the 'four corners' of the affidavit"); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992) (stating "it is well settled that, in determining the sufficiency of an affidavit for an arrest or search warrant, a reviewing

5

court is limited to the 'four corners of an affidavit'"). While we must read the affidavit in a common sense, realistic manner and recognize that the magistrate to whom the affidavit is tendered may draw reasonable inferences from its content, *Jones*, 833 S.W.2d at 124, no one can read into the four corners of the affidavit material information "that does not otherwise appear on its face." *Cassias v. State*, 719 S.W.2d 585, 590 (Tex. Crim. App. 1986).

Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Id.* at 587. To justify the issuance of a search warrant, the affidavit submitted in support must set forth facts sufficient to establish probable cause that (1) a specific offense has been committed; (2) specifically described property or items to be searched for and seized constitute evidence of the offense or evidence that a particular person committed that offense; and (3) the property or items constituting such evidence is located at the particular place to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West 2005). Whether the facts mentioned in the affidavit are adequate to establish probable cause depends on the totality of the circumstances. *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996). We examine only the four corners of the affidavit to determine whether probable cause exists. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). Reasonable inferences may be drawn from the affidavit, and the affidavit must be interpreted in a common sense and realistic manner. *Capistran v. State*, 759 S.W.2d 121, 127 (Tex. Crim. App. 1988) (op. on reh'g).

The task of a magistrate in issuing a search warrant is to make a practical, common sense decision, given all the circumstances set forth in the warrant's supporting affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, regarding whether

6

there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates*, 462 U.S. at 238. The duty of a reviewing court is simply to determine whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to support the issuance of the warrant when viewing the affidavit. *Id*. at 238-39.

We must determine whether the search warrant affidavit contains sufficient facts for a magistrate to determine that probable cause for the search existed. Applying the appropriate standard, looking to the four corners of the affidavit, giving the magistrate's decision to issue the warrant great deference by deferring to the reasonable inferences from the facts set forth in the affidavit and a common sense and practical interpretation of the affidavit, and considering the totality of the circumstances, we hold that the magistrate did not have probable cause to believe that the items to be seized mentioned in the search warrant—including appellant's computer and items related to the computer—would constitute evidence of the offense, and that such items would be located at appellant's residence. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c).

In his first two points of error, appellant argues that the affidavit contains insufficient facts to support the issuance of the search warrant. Relying on *United States v. Weber*, 923 F.2d 1338 (9th Cir. 1990), appellant argues that the warrant is based on expert testimony for which there is no foundation in the affidavit. We agree.

In *Weber*, officers targeted the defendant for investigation of child pornography after he ordered four sets of pictures depicting children engaged in "sex action" as part of a reverse sting operation by law enforcement. *Id*. at 1340. The affiant-officer sought a warrant to search the defendant's home on the basis of the sting information, a statement that a package of pornographic materials was sent to the defendant's house almost two years earlier, and a general description of the

7

proclivities of pedophiles, which was based on the officer's experience and training in child pornography investigations and his discussion with other law enforcement agents. The affidavit contained a lengthy, multi-page recitation of expert knowledge of another officer regarding "child molesters," "pedophiles," and "child pornography collectors." *Id*. at 1341. Of significance was the fact that nowhere in the affidavit was there even a conclusory recital that evidence of the defendant's interest in child pornography, evidenced by his picture order, placed him in the categories of pedophiles, molesters, and collectors discussed in the affidavit. The court concluded that the "expert" portion of the affidavit was not drafted with the facts of the case or the particular defendant in mind. *Id.* at 1345. Particularly relevant to this case, the court concluded:

> It is well established that expert opinion may be presented in a search warrant affidavit. But if the government presents expert opinion about the behavior of a particular class of persons, for the opinion to have any relevance, the affidavit must lay a foundation which shows that the person subject to the search is a member of the class.

*Id*. Likewise, here, there was nothing linking author Goldstein's discussion of the characteristics of classes of individuals likely to exploit children with the appellant. The classifications of individuals are not connected in the affidavit to appellant's activities. Nor does the officer set forth the nature or extent of his own "training and experience" to show that he has any basis for his belief of a link between appellant and the class of individuals identified. There is nothing in the affidavit to show that these profiles relate to appellant or the suspected criminal activity. Because this information is not linked to appellant, we must examine whether the affidavit otherwise contains sufficient probable cause.

8

Unlike *Weber*, this affidavit is grounded on more than the delivery of pornographic materials through the mail. Based on the fact that the juvenile had filed a "complaint" alleging unlawful sexual contact by "a peace officer" and that she had viewed "sexually explicit images" on his computer while in his apartment, it may have been reasonable for the magistrate to conclude that the offense of indecency with a child had been committed.[1] *See* Tex. Pen. Code Ann. § 21.11(a)(1), (2) (West 2003). The juvenile also stated that she had been given marihuana and had observed related paraphernalia in the apartment. Thus, a magistrate judge could reasonably conclude, from the four corners of the affidavit—excluding the expert averments—that "a certain Hays County Deputy" was engaged in the offense of indecency with a child in some location. But the affidavit is silent as to the identity of the peace officer and the location of the residence as well as any relationship between the officer and the residence.

In his fourth point of error, appellant complains that he is not identified in the affidavit as the suspected party that may have committed the offense. The affidavit contains an averment that the complaint was filed against a peace officer but it does not state that appellant is a peace officer or a deputy with the Hays County Sheriff's Office. Other than listing appellant as the person in charge of the premises at the address on the face of the affidavit, there is no other reference to appellant by name or description in any part of the affidavit. There is no corroboration of appellant's identity or even that the peace officer or deputy referenced in the affidavit is appellant. Even the reference to a "complaint" "made in McClennan [sic] County, Texas to commissioned

---

[1] The only law cited by affiant is "Texas Penal Code 22.11(a)(1 and/or 2)." However, we assume affiant meant to cite to § 21.11, "Indecency with a Child," and not § 22.11, "Harassment by Persons in Certain Correctional Facilities." Compare Tex. Pen. Code Ann. § 21.11(a)(1), (2) (West 2003) with Tex. Pen. Code Ann. § 22.11 (West Supp. 2004-05).

Peace Officers in that area" by the juvenile does not name appellant as the person against whom the complaint was filed. Nor is the complaint attached to the affidavit. Thus, the facts set forth in the affidavit fail to link appellant to the juvenile victim, the premises that were the subject of the search, or any other facts set forth in the affidavit. Because we are limited to the four corners of the affidavit and inferences that may be drawn to determine whether probable cause exists, we may not conclude that a link exists between the facts asserted against the unnamed and undescribed deputy and appellant.

There is also no link between the facts averred as to the premises to be searched and the apartment identified on the face of the affidavit as controlled by appellant. The facts set forth note only that the residence is located near the juvenile detention center in San Marcos, that the juvenile "confirmed the locality of the alleged actors residence as being near that Juvenile Detention Center in San Marcos," and that she has "explicit information of the alleged actors apartment and its contents." There is no corroborating evidence to demonstrate that the apartment she identified is the apartment as set forth on the face of the affidavit or that the identified apartment is in the charge of and controlled by appellant.

In *Taylor v. State*, 54 S.W.3d 21 (Tex. App.—Amarillo 2001, no pet.), our sister court held that an affidavit did not establish probable cause for a warrant to search a defendant's home when it was based on Internet transmission of child pornography by a screen name, because the affidavit did not sufficiently connect the defendant with that screen name. *Id*. at 24-26. The court concluded that the information in the affidavit showed only that someone using an alias had sent contraband over the Internet, that the defendant had used the alias at one time, and that the State had the defendant's address. *Id*. at 27.

10

Here, the essence of the operative facts in the affidavit are that (i) the fifteen-year-old unnamed juvenile filed a complaint in another county alleging sexual offenses against a Hays County deputy who is never further identified by the facts of the affidavit, and (ii) the juvenile made observations in the unnamed actor's apartment which is identified only by its location near the juvenile detention center in San Marcos.

The affidavit simply does not connect appellant—or the premises identified on the face of the affidavit—to the facts set forth in the complaint. These facts do not justify a reasonably cautious person in concluding that evidence of indecency with a child, including a computer, would be found at the address listed on the face of the affidavit. There is no information tracing the juvenile's complaint or "statement" back to appellant or his home address. Perhaps the officers also received information that the juvenile identified the apartment address on the warrant as the premises about which she has "explicit information." But this information does not appear in the affidavit. The reviewing magistrate was left to conjecture or speculate that the deputy referenced in the affidavit was the appellant and that the apartment located near the juvenile detention center was the appellant's apartment at the address set forth on the face of the affidavit. We cannot *infer* appellant's identity from the information provided or *infer* a connection between the juvenile's observation of the premises near the juvenile center and the residence identified on the face of the warrant.

In sum, the affidavit fails to specifically describe (i) evidence that a particular person committed an offense, and (ii) that the property or items in question are located at the particular place to be searched. While the affiant may have had sufficient information in his possession to constitute probable cause, the warrant presented to the magistrate did not contain sufficient facts to constitute probable cause. More is needed before the sanctity of one's home can be invaded by the State. Even

11

after granting great deference to the issuing magistrate's determination, we are unable to conclude that a substantial basis existed for the magistrate to conclude that probable cause existed. We sustain appellant's fourth point of error.**²**

## CONCLUSION

Because the affidavit in support of the search warrant failed to establish probable cause, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed:   November 17, 2005

Do Not Publish

---

**²** Because of the disposition of appellant's fourth point of error, we need not further address the remaining points of error.