NO. 07-06-0280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 17, 2008
_____

JERRY WAYNE BANNISTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF HENDERSON COUNTY;

NO. 2005-0854CL2; HONORABLE NANCY PERRYMAN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

My colleagues agree that the trial court's judgment must be reversed, but have different reasons for their conclusion. Respectfully disagreeing with both their opinions, I would affirm the trial court's judgment, and thus must dissent from the Court's judgment reversing the trial court.

*Franks* hearing

Chief Justice Quinn finds persuasive appellant's contention the trial court reversibly erred by not giving him a hearing on his *Franks* motion. *See Franks v. Delaware,* 438 U.S. 154, 171-72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Although I agree trial courts should err on the side of giving, rather than denying, hearings, I believe the trial court here did not abuse its discretion by denying appellant a *Franks* hearing.

Appellant's motion for a *Franks* hearing asserted the investigator's affidavit contained two false statements, made deliberately or with a reckless disregard for the truth. The motion attacked the investigator's statement, "Affiant is familiar with the home of [appellant]. The pictures Affiant has viewed are pictures taken of the home, carport and outbuildings of [appellant]. Affiant has been to the above-described residence, carport and outbuildings and it is the same residence, carport and outbuildings where [appellant] presently lives." The motion asserted the photographs were not taken at appellant's home but at another home. Appellant appended to his motion additional photographs of his home and of the home at which the motion said the photographs incorporated into the search warrant affidavit were taken.

Assuming that the motion and its appended photographs provide a sufficient preliminary showing that the affidavit's statement that the photographs the affiant viewed were taken at appellant's residence was false, I nonetheless would find the motion gave the trial court no basis for a conclusion the investigator made the false statement deliberately or with reckless disregard for the truth. I do not believe we can infer from the

2

photographs themselves that the affidavit was made with a reckless disregard for the truth. *See Cates v. State,* 120 S.W.3d 352, 357-58 (Tex.Crim.App. 2003) (motion gave statement of reasons supporting assertion officer knew information in affidavit was false, thereby satisfying *Franks*); *Dancy v. State*, 728 S.W.2d 772, 782-83 (Tex.Crim.App. 1983) (applying requirement of intentional or reckless false statement). *See generally* George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure §§ 6.38, 6.42 (2d ed. 2001) (discussing *Franks* requirement that false statement be made with accompanying mental state). Without a statement of reasons, appellant's assertion a false statement was made deliberately or with reckless disregard for the truth was merely conclusory. *Cates,* 120 S.W.3d at 355 (to be entitled to a hearing, a defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit; the challenger's attack must be more than conclusory).

Appellant's *Franks* motion also challenged as false the investigator's statement, "Affiant has also seen marijuana in his experience as a peace officer and that [sic] one of the pictures shows what Affiant believes to be marijuana in the hand of [appellant]." Appellant attached to his motion an enlarged copy of the photograph referred to in the affidavit. His motion asserted the enlarged copy "clearly show[s] that Affiant could not identify anything in [appellant's] hands much less marijuana." The photograph shows appellant and another man. The other man is wearing the mask apparatus and appellant is holding one hand under the bowl of the pipe while reaching toward the bowl with his other hand. It appears appellant is holding something in his extended fingers, about to

3

place the item in the pipe.  From the copies of the photographs in the appellate record, we agree it is difficult to identify what, if anything, appellant is holding in his fingers.  The statement in the affidavit, however, is that the picture shows "what Affiant believes" to be marijuana.  Even the enlarged photograph, which the investigator of course had not seen when he signed the affidavit, does not disprove that appellant is holding marijuana.  And, given the nature of the pictured apparatus and the context of the photograph, his stated belief that appellant is shown holding marijuana is not unreasonable.

I conclude the trial court reasonably could have found that appellant's *Franks* motion did not make a substantial preliminary showing that the statement regarding marijuana in the affidavit was false.  Even if I am mistaken in that conclusion, I would conclude further that deleting the statement from the affidavit would not have rendered it insufficient to support issuance of the search warrant.  The warrant sought drug paraphernalia, not marijuana.

For those reasons, I would find the trial court did not abuse its discretion by denying a *Franks* hearing.

Probable cause

Although the magistrate's determination of the existence of probable cause for the issuance of the warrant necessarily was made solely from his review of the officer's affidavit and its accompanying photographs, and we have the same information in front of us, our review of the magistrate's decision to issue the warrant is not *de novo*, but one in which we must give great deference to the magistrate's finding of probable cause.

4

*Rodriguez v. State,* 232 S.W.3d 55, 59-60 (Tex.Crim.App. 2007)*; Swearingen v. State,* 143 S.W.3d 808, 811 (Tex.Crim.App. 2004) (Cochran, J., dissenting). *See also Gates v. Illinois,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (noting "that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts'").

I would find that the affidavit and photographs gave the magistrate here a substantial basis to conclude there was a fair probability that drug paraphernalia would be found at appellant's residence. *See Rodriguez*, 232 S.W.3d at 60 (describing probable cause and standards for review of issuance of warrant).

The affidavit told the magistrate that the peace officer affiant knew appellant, and had been to appellant's home and was familiar with it; that the photographs depicting the presence of the device were taken at appellant's home; that the affiant had "learned" appellant was married on April 23; that on the date of the affidavit, May 4, the affiant saw wedding decorations at appellant's home; and that the photographs had been obtained from "CVS in Athens, Texas" by search warrant on May 3.

The affidavit stated the affiant's belief that the photographs were taken at appellant's wedding reception. Justice Pirtle is correct that the affidavit and photographs do not demonstrate that the photographs were taken at the wedding reception, or that they were taken on April 23. But the photographs depict an apparent social gathering of some kind, and, given the other information presented to the magistrate, I think an inference agreeing

5

with the officer's belief that the photographs were taken at the wedding reception was reasonable.

Appellant also argues that the magistrate could draw no inference about the date the photographs were made from the fact they were seized from a photo processor on May 3. He points out that film may be taken to a processor months, if not years, after the photographs were taken. The argument reflects the kind of second-guessing that is improper under the standard of review that binds us here. *Rodriguez,* 232 S.W.3d at 60-61; *Davis v. State,* 202 S.W.3d 149, 157 (Tex.Crim.App. 2006). *See also Brown v. State,* 243 S.W.3d 141, 145 (Tex.App.–Eastland 2007, pet. ref'd) *citing Gates,* 462 U.S. at 235-36 (judicial review must take into account that many warrants are issued on the basis of nontechnical, common-sense judgments of laymen applying a standard less demanding than that used in formal legal proceedings). Certainly photos may be processed long after they were taken, and many of us have delayed having photos processed for months or years. Many people, however, do not engage in that kind of delay, and I think the magistrate was entirely free to draw the inference that these photographs were at the processor because they were recently taken.

In my judgment, the magistrate was not required to infer anything to conclude the mask device appearing in the photographs likely constituted an item of drug paraphernalia. That conclusion simply required the magistrate to apply his common sense to the scenes depicted in the photographs. Appellant is seen in the photographs assisting three different people with an apparatus similar to a gas or oxygen mask with a pipe attached. Each of the three people appellant is assisting is wearing the apparatus, its mask covering the

6

wearer's nose and mouth. In one photograph, appellant appears to be placing something in the bowl of the pipe. In another, appellant appears to be lighting the pipe. Further, the officer's affidavit stated he had experience and training in drug investigations, and stated his belief that the apparatus was a form of "marijuana pipe." The affidavit also described the apparatus as appearing to be "a device or apparatus designed or adapted to be used illegally to inhale marijuana." The affidavit and photographs gave the magistrate ample basis for a conclusion the apparatus was drug paraphernalia.

Appellant argues none of the photographs depict him exercising actual care, custody, control or management of the mask. I disagree. One of photographs shows him adjusting the straps of the mask around the head of another person, actions that constitute control of the mask.

Further, as depicted in the photographs, the mask device was not a consumable or perishable item, but one of "enduring utility to its holder." *Swearingen*, 143 S.W.3d at 813 (Cochran, J., dissenting) *quoting Andresen v. State*, 24 Md.App. 128, 331 A.2d 78, 106 (Md. Ct. Spec. App.1975). The magistrate could infer that its holder would keep it following its use on the occasion shown in the photographs. Granted, an inference that appellant was the holder was required. But, again, I think the information given the magistrate permitted such a reasonable inference. The magistrate was told the device was being used at appellant's home. The photographs showed three different people wearing the mask, but appellant was the common denominator in the photographs, assisting each of the three people with its use. Of those shown in the photographs, appellant had the most frequent contact with the device. Case law reminds us that probable cause deals with

7

probabilities. *Rodriguez,* 232 S.W.3d at 62. *See also Dixon v. State,* 206 S.W.3d 613, 619 n.20 (Tex.Crim.App. 2006), *citing Gates,* 462 U.S. at 231 ("[i]n dealing with probable cause, as the very name implies, we deal with probabilities").

Probable cause cannot be founded on merely conclusory statements of the affiant's belief. *Rodriguez,* 232 S.W.3d at 61. Here, the affidavit and photographs provided the magistrate substantially more information than such conclusory statements. Considering the totality of the circumstances presented by the affidavit and its attached photographs, and given the deference we owe to the magistrate's determination of probable cause, I would find the magistrate had a substantial basis for a common-sense conclusion that the device sought by the warrant probably still could be found at appellant's residence. *See Rodriguez,* 232 S.W.3d at 62 (stating standard).

Based on the foregoing, I would affirm the trial court's judgment. Because the Court does not, I respectfully dissent.

James T. Campbell
Justice

Do not publish.