NUMBER 13-10-00118-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSE LUIS ORTIZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 139th District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Jose Luis Ortiz challenges the trial court's denial of his motion to suppress
in this marihuana possession case. By one issue, Ortiz argues that the trial court erred in
denying his motion because the judicial search warrant that uncovered incriminating
evidence of his involvement in the crime was wrongfully obtained through
misrepresentation. We affirm.

I. Background (1)

 Ortiz was indicted for possession of a usable amount of marihuana in an amount
greater than 50 but less than 2,000 pounds, a second-degree felony. See Tex. Health &
Safety Code Ann. § 481.121(a), (b)(5) (Vernon 2010). Ortiz filed a motion to suppress,
in which he alleged that the warrant obtained by police to search the home at which he was
arrested was "not based on real probable cause and/or untainted information." The trial
court held a hearing on Ortiz's motion. The officer whose affidavit was used to support the
warrant testified at the hearing. The trial court orally denied the motion at the conclusion
of the hearing. 

 Ortiz then filed a motion for reconsideration of his motion to suppress. In this
motion, Ortiz alleged that the information in the warrant affidavit was "totally contrary to the
sworn testimony of the [officer]" at the motion to suppress hearing. Ortiz alleged that
although the affidavit stated that its information was obtained from a credible and reliable
confidential informant, the officer affiant testified at the hearing that the information came
from an anonymous tip. Ortiz alleged that the affidavit therefore "contained a false
statement that easily misled the judge in issuing the warrant" and, as a result, the search
warrant affidavit must be voided and any evidence obtained under that warrant must be
excluded. The trial court did not rule on Ortiz's motion for reconsideration, and no hearing
was held on that motion.

 Ortiz pleaded guilty to the charge in the indictment. The trial court sentenced him
to five years' incarceration in the Institutional Division of the Texas Department of Criminal
Justice and assessed a $2,500 fine; the sentence was suspended and Ortiz was placed
on community supervision for a term of five years. The trial court certified Ortiz's limited
right to appeal the denial of his motion to suppress.

II. Standard of Review and Applicable Law

 The Fourth Amendment commands that no warrants . . . shall issue
except upon probable cause, and it reflects our constitutional preference for
the warrant process in which police officers present their facts to a neutral
magistrate to decide if there is probable cause to issue that warrant. . . . 
Although in a particular case it may not be easy to determine when an
affidavit demonstrates the existence of probable cause, the resolution of
doubtful or marginal cases in this area should be largely determined by the
preference to be accorded to warrants. Thus, even in close cases we give
great deference to a magistrate's determination of probable cause to
encourage police officers to use the warrant process rather than making a
warrantless search and later attempting to justify their actions by invoking
some exception to the warrant requirement.


Rodriguez v. State, 232 S.W.3d 55, 59-60 (Tex. Crim. App. 2007) (citing Henry v. United
States, 361 U.S. 98, 200 (1959); United States v. Ventresca, 380 U.S. 102, 106 (1965))
(internal quotations omitted).

 However, so long as certain procedures outlined by the Supreme Court in Franks
v. Delaware are followed, a defendant may nonetheless attack the veracity of an officer's
affidavit in support of a search warrant. See 438 U.S. 154, 175-56 (1978); see also Athey
v. State, No. 13-06-00129-CR, 2007 WL 2389599, at *4 (Tex. App.-Corpus Christi Aug.
23, 2007, no pet.) (mem. op., not designated for publication). "[W]here the defendant
makes a substantial preliminary showing that a false statement knowingly and intentionally,
or with reckless disregard for the truth, was included by the affiant in the warrant affidavit,"
he may be entitled to a hearing. Franks, 438 U.S. at 155-56; see Harris v. State, 227
S.W.3d 83, 85 (Tex. Crim. App. 2007). A hearing is required only where the false
statement is essential to the finding of probable cause. Harris, 227 S.W.3d at 85. If, at the
hearing, the defendant establishes the allegation of perjury or reckless disregard by a
preponderance of the evidence, the false material in the affidavit is set aside. Franks, 438
U.S. at 156. If the remaining content of the affidavit does not establish probable cause,
the search warrant must be voided and the evidence obtained as a result of the warrant
excluded. Id.

 To make the "substantial preliminary showing" predicate to a Franks hearing, the
Texas Court of Criminal Appeals has made it clear that a defendant must: (1) allege
deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing
out the complained-of portion of the affidavit; (2) accompany the allegation with an offer
of proof stating the supporting reasons; and (3) show that when the alleged false portion
of the affidavit is excised, the remaining content is insufficient to support probable cause
and the issuance of the warrant. Harris, 227 S.W.3d at 85 (citing Cates v. State, 120
S.W.3d 352, 356 (Tex. Crim. App. 2003)). Specific allegations and evidence must be
apparent in the pleadings, and the defendant's attacks must be more than conclusory. Id. 
If a defendant fails to make such a showing, he has not preserved a Franks issue for
review. See id. at 86; see also Athey, 2007 WL 2389599, at *7. 

III. Discussion

 In his motion to suppress, Ortiz made no allegations of falsehood in the warrant
affidavit. We have also reviewed the record of the suppression hearing, and no such
allegations were made at the hearing. Rather, Ortiz first raised the truthfulness of the
affidavit in his motion for reconsideration. Our Franks analysis begins, then, with this later
motion. 

 Ortiz alleged in his motion for reconsideration that the warrant affidavit contained
a falsehood, because although the affidavit stated that its information was obtained from
a credible and reliable confidential informant, the officer affiant testified at the suppression
hearing that the information came from an anonymous tip. The relevant portions of the
search warrant read as follows: 

 On January 19, 2009, [an officer] received information from a concerned
citizen of drugs being unloaded at the suspected place. Investigators of the
Hidalgo County Sheriff's Office Narcotics Unit have received information
about the suspected place in the past and have conducted surveillance of
the suspected location on numerous occasions. . . . [T]he grounds for
issuance for this warrant are derived from physical evidence and/or
information from a credible and reliable confidential informant. 


Ortiz's challenge appears to be based on the following exchanges from the suppression
hearing:

 [Prosecutor]: Now, do your recall on what date your sergeant
received this [] concerned citizen tip?


 [Officer affiant]: That particular one was on January 19th--


 . . . .


 [Prosecutor]: And regarding that call, this was, I mean, is this just like
a tip, or is this like a confidential informant that the
Sheriff's Department uses?


 [Officer affiant]: This is just a tip. What will happen is, a lot of times, we
have somebody that they don't want to sign up and they
don't want to be any kind of--they don't want to get
paid, anything like that. They just call up, "Hey, look. 
There's something going on here that might be
narcotics. You guys might want to check it out."


 . . . . 


 [Defense counsel]: Now, would that information you sought [be] in the
search warrant from Judge Rodriguez?


 [Officer affiant]: Yes, sir.


 [Defense counsel]: And all of that was just an anonymous tip that you had
gotten as a Crime Stoppers tip probably?


 [Officer affiant]: Yes, sir.


 Assuming without deciding that the complained-of discrepancy does rise to the level
of a falsehood, (2) Ortiz failed to even allege that the discrepancy was knowing, intentional,
or reckless, much less make an offer of proof to that effect. See Harris, 227 S.W.3d at 85.
Absent that, we cannot conclude that Ortiz made the requisite "substantial preliminary
showing" that the complained-of portion of the officer's affidavit was a knowing and
intentional falsehood or made with a reckless disregard for the truth. See Franks, 438 U.S.
at 155-56. Ortiz has therefore failed to preserve a Franks challenge for our review, and we
defer to the trial court's determination that probable cause existed for the warrant. See
Rodriguez, 232 S.W.3d at 59-60; Harris, 227 S.W.3d at 86; see also Athey, 2007 WL
2389599, at *7. Ortiz's sole issue is overruled.

IV. Conclusion

 We affirm the order of the trial court denying Ortiz's motion to suppress.



 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

15th day of July, 2010.
1. Because this is a memorandum opinion and the parties are familiar with the facts, we will only
discuss those facts necessary for the disposition of this appeal. See Tex. R. App. P. 47.1.
2. We note that, based on our review of the record, Ortiz's allegation is, arguably, more accurately
characterized as a slight discrepancy between the testimony of the officer affiant at the suppression hearing
and the officer's statement in the affidavit.