TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00614-CR






Bryan Keith Theis, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. CR-01-336, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Bryan Keith Theis appeals from a conviction by a jury of possession of child
pornography. See Tex. Pen. Code Ann. § 43.26 (West 2003). Appellant filed a pre-trial motion to
suppress, which the trial court denied. The jury assessed punishment at two years' confinement and
a $2500 fine, and recommended that the sentence be suspended and that he be placed on community
supervision. The court suspended imposition of the sentence and placed appellant on community
supervision for ten years. In four points of error, appellant challenges the affidavit accompanying
the search warrant that authorized the search of appellant's premises, including his computer. The
State did not file a brief on appeal. Because the affidavit did not provide the issuing magistrate with
a substantial basis to determine that probable cause existed, we reverse the judgment of the trial court
and remand for further proceedings.


FACTS AND PROCEDURAL BACKGROUND

 Following a hearing on appellant's motion to suppress that extended over two days
in April and a third day in August 2004, the district court denied appellant's motion. At the hearing,
the State presented a copy of the search warrant and affidavit reflecting that on April 12, 2001, Texas
Ranger Tommy Ratliff presented an affidavit in support of a search warrant to a county court at law
judge to search appellant's apartment. The affidavit supplied by the affiant-officer to support the
search warrant included the following averments to establish probable cause:


On April the 9th, 2001 a complaint was made in McClennan [sic] County, Texas to
commissioned Peace Officers in that area, by a female juvenile victim who was
fifteen years of age at the time of the alleged offense, who alleged she had sexual
contact with a peace officer employed with the Hays County Sheriff's Office within
the jurisdiction of Hays County on multiple occasions from a period of time on or
before October of year 2000 until November of year 2000.


Affiant has a written statement that outlines a relationship beginning with the victim
and a certain Hays County Deputy on or before July of year 2000 that was of an
official nature and subsequently unofficial. The victim advises this certain Deputy
visited the victim on the campus of a Hays County high school on multiple occasions,
specifically to speak and/or visit the victim on that campus.


* * *


The victim alleges she has been to the residence of the alleged actor on multiple
occasions, noting that residence is situated "near the juvenile detention center in San
Marcos, Texas." Affiant has confirmed the locality of the alleged actors residence
as being near that Juvenile Detention Center in San Marcos, while the victim was
residing approximately twenty miles away.



 The officer further averred that the juvenile "alleges that the Deputy began to procure
a platonic relationship with the victim that eventually led to the Deputy asking questions and making
statements to the victim that were sexually explicit in nature." The deputy then began to visit her
at home. The juvenile alleged that she had information about the apartment and its contents which
included photographs of the deputy in various stages of nudity, nude sketches on the wall, a
computer and its peripherals, and "contraband related to illegal narcotics."

 In addition to sexual contact, the officer averred that "the victim also states the
alleged actor has shown her sexually explicit images on the actors computer while in the actors
apartment. The victim advises she has smoked marijuana with the alleged actor at his apartment
specifically advising the location of the contraband and its related paraphernalia within the alleged
actors apartment."

 The officer then sought to provide expert testimony through his own "training and
experience" and that of an author:


The Affiant, through his training and experience, along with published information
by noted author Seth L. Goldstein, who wrote a practical guide to the assessment,
investigation, and intervention titled 'The Sexual Exploitations of Children' has
learned the following characteristics:


a. There are persons whose sexual objects are children. They receive sexual
gratification and satisfaction from actual physical contact with children and from
fantasy involving use of pictures and other pornographic or art mediums, and
writing on or about sexual activity with children.



The affidavit continues with two pages detailing the characteristics of persons who sexually exploit
children. The officer does not further identify his training and experience nor does he link the
characteristics to appellant. He concludes the listing of characteristics as follows:

Many of the materials requested for seizure may identify children who have been or
are being sexually exploited through child molestation, child pornography, and/or
child prostitution. The materials may also identify other adults who are engaging in
the sexual exploitation of children by these means. In addition, these materials may
demonstrate the sexual proclivity, inclination, preference, and activities of the
person(s) under investigation, providing evidence that will tend to show that the
person(s) under investigation has committed a felony, to wit: Indecency with a Child
. . . .



 The officer sought to search appellant's apartment and seize evidence of, inter alia,
(i) safe deposit boxes and storage facilities containing items relating to the sexual exploitation of
children through child molestation, child pornography, sexual assault, and child prostitution, and (ii)
personal computers, including hardware and software and "computer disk of all sizes utilized to store
information and images for any computer seized at the above described residence, and any files or
programs of information and images on or within any computer or computer disk at this address to
be searched that would associate the alleged actor with illegal acts with the victim of this affidavit,
or any other juvenile victim of child abuse."

 Based on the officer's probable cause facts in the affidavit, and the officer's belief
that appellant had committed the offense of indecency with a child, the judge issued a search
warrant. A search of appellant's residence resulted in the seizure of a computer that contained 
images of child pornography.

 Appellant was indicted on five counts of sexual assault of a child, two counts of
delivery of marihuana to a minor, and three counts of possession of child pornography. Appellant
moved to suppress the evidence seized pursuant to the search warrant, which the trial court denied. 
At appellant's request, the sexual assault counts were severed and tried to a jury. In April 2004, a
jury found appellant not guilty on all counts. In August 2004, a second jury was empaneled for the
remaining counts. Appellant again moved to suppress the evidence, which the trial court denied. 
The jury acquitted appellant of two counts of possession of child pornography and convicted him
on one count of possession of child pornography involving a single image. The State dismissed the
remaining counts for delivery of marihuana to a minor.


ANALYSIS


 Appellant argues that the trial court erred in denying his motion to suppress the
evidence obtained pursuant to the search warrant because the affidavit supporting the warrant (i)
lacked sufficient facts to establish probable cause to seize the computer for images of child or adult
pornography or evidence of indecency with a child, (ii) lacked particularity as to time frame and was
therefore overbroad, and (iii) failed to link appellant to the facts set forth in the affidavit.

 We review de novo the trial court's application of the law of search and seizure and
probable cause. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Appellate review of the
sufficiency of an affidavit in support of a search warrant, however, is not de novo; rather, great
deference is given to the magistrate's determination of probable cause. Illinois v. Gates, 462 U.S.
213, 236 (1983); Swearingen v. State, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004). The test
for determination of probable cause is whether the magistrate had a substantial basis for concluding
that a search would uncover evidence of wrongdoing. Gates, 462 U.S. at 236.

 In assessing the totality of the circumstances to determine whether probable cause
exists, our review is confined to the four corners of the affidavit. See Cates v. State, 120 S.W.3d
352, 355 n.3 (Tex. Crim. App. 2003) (stating that when challenge is made "as to whether a search
warrant is legally sufficient to show probable cause, the trial court is limited to the 'four corners' of
the affidavit"); Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992) (stating "it is well
settled that, in determining the sufficiency of an affidavit for an arrest or search warrant, a reviewing
court is limited to the 'four corners of an affidavit'"). While we must read the affidavit in a common
sense, realistic manner and recognize that the magistrate to whom the affidavit is tendered may draw
reasonable inferences from its content, Jones, 833 S.W.2d at 124, no one can read into the four
corners of the affidavit material information "that does not otherwise appear on its face." Cassias
v. State, 719 S.W.2d 585, 590 (Tex. Crim. App. 1986).

 Probable cause to support the issuance of a search warrant exists when the facts
submitted to the magistrate are sufficient to justify a conclusion that the object of the search is
probably on the premises to be searched at the time the warrant is issued. Id. at 587. To justify the
issuance of a search warrant, the affidavit submitted in support must set forth facts sufficient to
establish probable cause that (1) a specific offense has been committed; (2) specifically described
property or items to be searched for and seized constitute evidence of the offense or evidence that
a particular person committed that offense; and (3) the property or items constituting such evidence
is located at the particular place to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c) (West
2005). Whether the facts mentioned in the affidavit are adequate to establish probable cause depends
on the totality of the circumstances. Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App.
1996). We examine only the four corners of the affidavit to determine whether probable cause
exists. Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). Reasonable inferences may
be drawn from the affidavit, and the affidavit must be interpreted in a common sense and realistic
manner. Capistran v. State, 759 S.W.2d 121, 127 (Tex. Crim. App. 1988) (op. on reh'g).

 The task of a magistrate in issuing a search warrant is to make a practical, common
sense decision, given all the circumstances set forth in the warrant's supporting affidavit, including
the veracity and basis of knowledge of persons supplying hearsay information, regarding whether
there is a fair probability that contraband or evidence of a crime will be found in a particular place. 
Gates, 462 U.S. at 238. The duty of a reviewing court is simply to determine whether, considering
the totality of the circumstances, the magistrate had a substantial basis for concluding that probable
cause existed to support the issuance of the warrant when viewing the affidavit. Id. at 238-39.

 We must determine whether the search warrant affidavit contains sufficient facts for
a magistrate to determine that probable cause for the search existed. Applying the appropriate
standard, looking to the four corners of the affidavit, giving the magistrate's decision to issue the
warrant great deference by deferring to the reasonable inferences from the facts set forth in the
affidavit and a common sense and practical interpretation of the affidavit, and considering the totality
of the circumstances, we hold that the magistrate did not have probable cause to believe that the
items to be seized mentioned in the search warrant--including appellant's computer and items
related to the computer--would constitute evidence of the offense, and that such items would be
located at appellant's residence. See Tex. Code Crim. Proc. Ann. art. 18.01(c).

 In his first two points of error, appellant argues that the affidavit contains insufficient
facts to support the issuance of the search warrant. Relying on United States v. Weber, 923 F.2d
1338 (9th Cir. 1990), appellant argues that the warrant is based on expert testimony for which there
is no foundation in the affidavit. We agree.

 In Weber, officers targeted the defendant for investigation of child pornography after
he ordered four sets of pictures depicting children engaged in "sex action" as part of a reverse sting
operation by law enforcement. Id. at 1340. The affiant-officer sought a warrant to search the
defendant's home on the basis of the sting information, a statement that a package of pornographic
materials was sent to the defendant's house almost two years earlier, and a general description of the
proclivities of pedophiles, which was based on the officer's experience and training in child
pornography investigations and his discussion with other law enforcement agents. The affidavit
contained a lengthy, multi-page recitation of expert knowledge of another officer regarding "child
molesters," "pedophiles," and "child pornography collectors." Id. at 1341. Of significance was the
fact that nowhere in the affidavit was there even a conclusory recital that evidence of the defendant's
interest in child pornography, evidenced by his picture order, placed him in the categories of
pedophiles, molesters, and collectors discussed in the affidavit. The court concluded that the
"expert" portion of the affidavit was not drafted with the facts of the case or the particular defendant
in mind. Id. at 1345. Particularly relevant to this case, the court concluded:


It is well established that expert opinion may be presented in a search warrant
affidavit. But if the government presents expert opinion about the behavior of a
particular class of persons, for the opinion to have any relevance, the affidavit must
lay a foundation which shows that the person subject to the search is a member of the
class.



Id. Likewise, here, there was nothing linking author Goldstein's discussion of the characteristics of
classes of individuals likely to exploit children with the appellant. The classifications of individuals
are not connected in the affidavit to appellant's activities. Nor does the officer set forth the nature
or extent of his own "training and experience" to show that he has any basis for his belief of a link
between appellant and the class of individuals identified. There is nothing in the affidavit to show
that these profiles relate to appellant or the suspected criminal activity. Because this information is
not linked to appellant, we must examine whether the affidavit otherwise contains sufficient probable
cause.

 Unlike Weber, this affidavit is grounded on more than the delivery of pornographic
materials through the mail. Based on the fact that the juvenile had filed a "complaint" alleging
unlawful sexual contact by "a peace officer" and that she had viewed "sexually explicit images" on
his computer while in his apartment, it may have been reasonable for the magistrate to conclude that
the offense of indecency with a child had been committed. (1) See Tex. Pen. Code Ann. § 21.11(a)(1),
(2) (West 2003). The juvenile also stated that she had been given marihuana and had observed
related paraphernalia in the apartment. Thus, a magistrate judge could reasonably conclude, from
the four corners of the affidavit--excluding the expert averments--that "a certain Hays County
Deputy" was engaged in the offense of indecency with a child in some location. But the affidavit
is silent as to the identity of the peace officer and the location of the residence as well as any
relationship between the officer and the residence.

 In his fourth point of error, appellant complains that he is not identified in the
affidavit as the suspected party that may have committed the offense. The affidavit contains an
averment that the complaint was filed against a peace officer but it does not state that appellant is
a peace officer or a deputy with the Hays County Sheriff's Office. Other than listing appellant as
the person in charge of the premises at the address on the face of the affidavit, there is no other
reference to appellant by name or description in any part of the affidavit. There is no corroboration
of appellant's identity or even that the peace officer or deputy referenced in the affidavit is appellant. 
Even the reference to a "complaint" "made in McClennan [sic] County, Texas to commissioned
Peace Officers in that area" by the juvenile does not name appellant as the person against whom the
complaint was filed. Nor is the complaint attached to the affidavit. Thus, the facts set forth in the
affidavit fail to link appellant to the juvenile victim, the premises that were the subject of the search,
or any other facts set forth in the affidavit. Because we are limited to the four corners of the affidavit
and inferences that may be drawn to determine whether probable cause exists, we may not conclude
that a link exists between the facts asserted against the unnamed and undescribed deputy and
appellant.

 There is also no link between the facts averred as to the premises to be searched and
the apartment identified on the face of the affidavit as controlled by appellant. The facts set forth
note only that the residence is located near the juvenile detention center in San Marcos, that the
juvenile "confirmed the locality of the alleged actors residence as being near that Juvenile Detention
Center in San Marcos," and that she has "explicit information of the alleged actors apartment and
its contents." There is no corroborating evidence to demonstrate that the apartment she identified
is the apartment as set forth on the face of the affidavit or that the identified apartment is in the
charge of and controlled by appellant.

 In Taylor v. State, 54 S.W.3d 21 (Tex. App.--Amarillo 2001, no pet.), our sister court
held that an affidavit did not establish probable cause for a warrant to search a defendant's home
when it was based on Internet transmission of child pornography by a screen name, because the
affidavit did not sufficiently connect the defendant with that screen name. Id. at 24-26. The court
concluded that the information in the affidavit showed only that someone using an alias had sent
contraband over the Internet, that the defendant had used the alias at one time, and that the State had
the defendant's address. Id. at 27.

 Here, the essence of the operative facts in the affidavit are that (i) the fifteen-year-old
unnamed juvenile filed a complaint in another county alleging sexual offenses against a Hays County
deputy who is never further identified by the facts of the affidavit, and (ii) the juvenile made
observations in the unnamed actor's apartment which is identified only by its location near the
juvenile detention center in San Marcos.

 The affidavit simply does not connect appellant--or the premises identified on the
face of the affidavit--to the facts set forth in the complaint. These facts do not justify a reasonably
cautious person in concluding that evidence of indecency with a child, including a computer, would
be found at the address listed on the face of the affidavit. There is no information tracing the
juvenile's complaint or "statement" back to appellant or his home address. Perhaps the officers also
received information that the juvenile identified the apartment address on the warrant as the premises
about which she has "explicit information." But this information does not appear in the affidavit. 
The reviewing magistrate was left to conjecture or speculate that the deputy referenced in the
affidavit was the appellant and that the apartment located near the juvenile detention center was the
appellant's apartment at the address set forth on the face of the affidavit. We cannot infer appellant's
identity from the information provided or infer a connection between the juvenile's observation of
the premises near the juvenile center and the residence identified on the face of the warrant.

 In sum, the affidavit fails to specifically describe (i) evidence that a particular person
committed an offense, and (ii) that the property or items in question are located at the particular place
to be searched. While the affiant may have had sufficient information in his possession to constitute
probable cause, the warrant presented to the magistrate did not contain sufficient facts to constitute
probable cause. More is needed before the sanctity of one's home can be invaded by the State. Even
after granting great deference to the issuing magistrate's determination, we are unable to conclude
that a substantial basis existed for the magistrate to conclude that probable cause existed. We sustain
appellant's fourth point of error. (2)


CONCLUSION


 Because the affidavit in support of the search warrant failed to establish probable
cause, we reverse the judgment and remand the cause for further proceedings consistent with this
opinion.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: November 17, 2005

Do Not Publish

1. The only law cited by affiant is "Texas Penal Code 22.11(a)(1 and/or 2)." However, we
assume affiant meant to cite to § 21.11, "Indecency with a Child," and not § 22.11, "Harassment by
Persons in Certain Correctional Facilities." Compare Tex. Pen. Code Ann. § 21.11(a)(1), (2) (West
2003) with Tex. Pen. Code Ann. § 22.11 (West Supp. 2004-05).
2. Because of the disposition of appellant's fourth point of error, we need not further address
the remaining points of error.