Opinion issued October 26, 2006 










Opinion
issued October 26, 2006










 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-05-00801-CR

         
01-05-00825-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LAZARO GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 268th District Court

Fort Bend
 County, Texas

Trial Court Cause No. 40387








 

 



MEMORANDUM OPINION

 

          A
jury convicted appellant, Lazaro Garcia, of the first-degree felony offense of
possession of cocaine with intent to deliver, in an amount greater than four
grams but less than two hundred grams.  See Tex.
Health & Safety Code Ann.  § 481.112(a), (d) (Vernon
2003).  The jury assessed punishment at
sixty years’ confinement.  Garcia
contends (1) the trial court erred in refusing to consider evidence that a
search warrant affidavit contained fraudulent information, (2) the trial court
abused its discretion in failing to review audio and videotapes of a
confidential informant, and (3) the trial court erred in failing to include an
instruction on probable cause in the jury charge.  We conclude that the trial court did not err
in failing to consider evidence that the search warrant affidavit contained
fraudulent information, and that Garcia waived his complaints regarding the
tapes and jury charge error.  We
therefore affirm.

Facts

          In
June 2004, Detective A. Slater executed a search warrant at Garcia’s apartment.  During the search, Detective Slater found
20.30 grams of crack cocaine, a digital scale, some small plastic bags, a glass
pipe, lighters, a gun, money, and a brillo pad, which people often use as a
filter to smoke crack cocaine.  After
Detective Slater took Garcia into custody, Garcia waived his rights under
article 38.22, section 2 of the Texas Code of Criminal Procedure and signed a
written statement.  See Tex. Code Crim. Proc.
Ann. art. 38.22, § 2 (Vernon 2005). 
In the statement, Garcia admitted that he was the sole lessee of the
apartment, and that the amount of cocaine found inside the apartment was just
less than one ounce.  Garcia further
admitted that he had been selling crack cocaine for three months at the time of
his arrest.  

During a hearing on a motion to
suppress the evidence obtained from the apartment search, Garcia testified
contrary to the allegations in the affidavit supporting the search
warrant.  Garcia never requested,
however, that the trial court hold a Franks
hearing, and he never attempted to make the substantial preliminary showing
necessary to obtain a Franks hearing.
 See Franks v. Delaware,
438 U.S. 154, 155–56, 98 S.
 Ct. 2674, 2676 (1978).  Garcia testified that
he did not sell drugs to anyone on June 2, 2004, in direct contravention to the
allegations in the affidavit.  The search
warrant affidavit contained information obtained from a confidential informant
who, in conjunction with the police, allegedly completed several controlled
purchases of crack cocaine from Garcia on June 2, 2004.  The police also made several audio and
videotapes of the confidential informant purchasing crack cocaine from
Garcia.  At the end of the hearing on the
motion to suppress, the trial court concluded that the face of the affidavit
contained sufficient information for the magistrate to make a probable cause
determination.  The trial court denied
Garcia’s motion to suppress evidence and seemed to indicate that it was not
deviating from the four corners of the search warrant affidavit in making its
decision. 

Consideration of Evidence

In his first issue, Garcia contends
the trial court erred in not considering evidence that the search warrant
affidavit contained fraudulent information in accordance with Franks v. Delaware.  438 U.S.
at 155–56, 98 S. Ct. at 2676. 
When a challenge is made as to whether a
search warrant affidavit is legally sufficient to show probable cause, the
trial court is limited to the four corners of the affidavit.  Cates
v. State, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003).  If, however, the defendant challenges the
warrant affidavit on the ground that it contains known falsehoods, the trial
court is not limited to the four corners of the affidavit.  Id. “Limiting a falsity
challenge to the four corners of the warrant affidavit negates the underlying
challenge and raises serious due process concerns.”  Id.;
see also Franks, 438
U.S. at 156, 98 S. Ct. at 2676 (stating that “if the allegedly false statement
is necessary to the finding of probable cause, the Fourth Amendment requires
that a hearing be held at the defendant’s request”).  Thus, if a defendant makes a substantial
preliminary showing of deliberate falsity, the trial court is required to go
beyond the four corners of the affidavit in a Franks evidentiary
hearing.  Cates, 120 S.W.3d at 355 n.3.  To obtain a Franks hearing, a defendant’s motion to suppress must (1) allege
deliberate falsehood or reckless disregard for the truth by the affiant,
specifically pointing out the portion of the affidavit claimed to be false; (2)
accompany these allegations with an offer of proof stating the supporting
reasons; and (3) show that when the portion of the affidavit alleged to be
false is excised from the affidavit, the remaining content is insufficient to
support the issuance of the warrant.  Id. at 356; Ramsey v. State, 579 S.W.2d 920, 922–23 (Tex. Crim. App. 1979).  A trial court may not consider evidence
outside the four corners of a warrant affidavit until the defendant satisfies
the three elements of the Franks
test.  See Cates,
120 S.W.3d at 355 n.3.

Garcia was not entitled to have the
trial court consider evidence challenging the veracity of the search warrant
affidavit because he failed to make a sufficient showing to obtain a Franks hearing.  Garcia never
attempted to satisfy any of the elements of the Franks test.  Id. at
356; Ramsey, 579 S.W.2d
at 922–23.  Thus, because Garcia failed
to make the showing required to obtain a Franks
hearing, he cannot complain that the trial court failed to consider evidence
admissible only during a Franks
hearing.  See Cates, 120 S.W.3d at 355
n.3.  Although the trial court allowed
Garcia to testify to facts challenging the veracity of the search warrant
affidavit, Garcia nonetheless cannot rely upon these facts to challenge the
probable cause finding without making the preliminary showing required by Franks. 
We therefore hold that the trial court did not err in failing to
consider Garcia’s testimony regarding the falsity of the affidavit.  

Trial Court Review of the Audio and Videotapes

          In his second issue, Garcia contends that
the trial court abused its discretion in failing to review the audio and
videotapes of the confidential informant. 
The State responds that Garcia waived this issue by failing to request
review at trial. 

As a prerequisite to presenting a
complaint for appellate review, the record must show that the complaining party
made the complaint to the trial court by a timely request, objection, or
motion.  See Tex. R. App. P.
33.1(a).  The party must object at the
earliest possible opportunity.  Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  The complaining party must also state the
grounds for the request, objection, or motion, unless the grounds are apparent
from the context.  Tex. R. App. P. 33.1(a).  Furthermore, the trial court must either rule
on the request, objection, or motion, expressly or implicitly, or refuse to
rule and the complaining party must object to the refusal.  Id.  A motion for new trial will not preserve a
complaint for appellate review if the party had an opportunity to make a
request, motion, or objection at trial.  See Hardeman
v. State, 1 S.W.3d 689, 690 (Tex.
Crim. App. 1999).

Garcia first asked the trial court to
review the audio and videotapes of the confidential informant in his motion for
new trial.  Garcia’s request for trial
court review of the tapes was therefore untimely.  See
id. 
Garcia has waived his second issue.

Charge Error

          In
his third issue, Garcia contends the trial court erred in failing to include an
instruction on probable cause in the jury charge.  The State responds that Garcia waived this
issue by failing to request an instruction on probable cause at trial.  

Article 38.23(a) of the
Texas Code of Criminal Procedure reads as follows:

(a) No evidence obtained by an officer or
other person in violation of any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case.

 

In any case where the legal evidence
raises an issue hereunder, the jury shall be instructed that if it believes, or
has a reasonable doubt, that the evidence was obtained in violation of the
provisions of this Article, then and in such event, the jury shall disregard
any such evidence so obtained.

 

Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 
In accordance with article 38.23(a), the trial court must instruct the jury to
disregard evidence obtained illegally if the defendant requests the instruction
and raises a fact issue concerning the manner in which the State obtained the evidence.
 Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App.
1986).  To preserve error
relating to the jury charge, there must be either an objection or a requested
charge.  Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).  In the absence of an objection or request,
failure to include an article 38.23 instruction is not fundamental error.  Kelly v.
State, 669 S.W.2d 720, 726 (Tex.
Crim. App. 1984); Plattenburg v. State,
972 S.W.2d 913, 920 (Tex. App.—Beaumont 1998, pet. ref’d) (holding that failure
to request article 38.23 instruction waives error).

Garcia never requested an instruction
on probable cause or objected at trial. 
He raised the issue for the first time in his motion for new trial.  Garcia therefore waived any objection to the
exclusion of a probable cause instruction in the jury charge.   

 

 

 

 

 

 

 

 

 

Conclusion

We hold that the trial court did not
err in failing to consider evidence that the search warrant affidavit contained
fraudulent information because Garcia did not make the substantial preliminary
showing required to obtain a Franks hearing.  We also hold that Garcia waived his complaint
regarding the audio and videotapes, and his complaint regarding the jury
charge, because he failed to raise these issues at trial.  Accordingly, we affirm the judgment of the
trial court.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).