

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00201-CR

THE STATE OF TEXAS, APPELLANT

V.

MASON LEBLANC, APPELLEE

On Appeal from the County Court at Law
Comal County, Texas
Trial Court No. 2021CR0785, Honorable Randy C. Gray, Presiding

August 22, 2023

## DISSENTING OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed shared by all. But what happens when one of the law enforcement officers testifies, he did not share the knowledge? Can we still make the presumption? I think not. I write separately from my colleagues to distinguish the "collective knowledge doctrine" under the unique facts of the underlying case.

At the suppression hearing, Officer Clish and Officer Harshman both testified. Officer Clish, who was still considered to have "rookie status" at the time of the accident, testified he decided to conduct field sobriety tests because LeBlanc could not explain how the single vehicle accident occurred and had "slow" speech and bloodshot eyes. He answered "no" when asked if he smelled alcohol on LeBlanc. He also answered in the negative when asked if a single-car accident or bloodshot eyes indicate intoxication. Again, he answered "no" when asked if he observed any signs of intoxication. During further cross-examination, the officer confirmed he did not smell any alcohol on LeBlanc before deciding to arrest him but claimed he "started to smell it later" after he had placed him in custody.

Officer Harshman testified he was a backup officer who secured the scene. During a vehicle inventory, he did not find any alcohol. In his brief interaction with LeBlanc, he stated, "I did smell metabolized alcohol coming from him." During cross-examination, he testified he smelled the alcohol before LeBlanc was arrested but claimed he did not relay that information to Officer Clish at the scene. He was unaware Officer Clish had not smelled alcohol himself before arresting LeBlanc.

In granting the motion to suppress, the trial court announced as follows:

I don't think that there was probable cause to go ahead and have the [blood] warrant issued . . . slow speech has nothing to do with intoxication necessarily. The crash has nothing to do with intoxication necessarily. Bloodshot eyes don't have anything to do with intoxication necessarily. . . . There is nothing articulated by the officer even today saying I smelled alcohol. The fact that the other officer smelled alcohol and didn't pass that information on is a problem because if you had something else to hang your hat on, then it would work, but you don't. . . . All we got is a crash and somebody who's confused after a rollover accident.

2

The trial court entered lengthy findings of fact and conclusions of law. Regarding Officer Clish, the trial court found his testimony on his observations of LeBlanc's indicators of intoxication "not credible." The court expressed "serious concerns as to the credibility of [Officer Clish's] testimony." The court further found the officer's testimony regarding his administration of field sobriety tests "not credible" and "unreliable." In its conclusions of law, the trial court observed "Officer Clish was not credible as to any indicia of intoxication." Interestingly, the trial court concluded "Officer Harshman's testimony was found not to be relevant since he did not make the decision to arrest and *did not communicate* his observations to Officer Clish who made the decision to arrest." (Emphasis added).

The collective knowledge doctrine is well settled. It involves consideration of shared cumulative information in assessing reasonable suspicion or probable cause. *State v. Martinez*, 569 S.W.3d 621, 626 (Tex. Crim. App. 2019) (citing *State v. Duran*, 396 S.W.3d 563, 569 n.12 (Tex. Crim. App. 2013)). Stated otherwise, the doctrine involves cooperation between law enforcement agencies or members of the same agency imputing information to one another. *Woodward v. State*, 668 S.W.2d 337, 346 (Tex. Crim. App. 1984) (finding probable cause where there was a showing that facts and circumstances within the collective knowledge of the officers involved and of which they had *reasonably trustworthy information* were sufficient to warrant a person of reasonable caution in the belief the appellant had committed an offense) (emphasis added).

I do not dispute that Officer Clish and Officer Harshman cooperated at the scene of the accident. I disagree with applicability of the doctrine in this case because the record affirmatively shows Officer Harshman did not communicate that he smelled alcohol to

3

Officer Clish. With affirmative testimony that knowledge was not shared, the collective knowledge doctrine should not apply here. It is simply untenable to argue Officer Harshman's smell of alcohol should be imputed to Officer Clish when Officer Harshman testified he did not share this information.

A trial court's ruling on a motion to suppress is entitled to almost total deference on determinations of historical facts the record supports especially when its findings are supported by the record and those findings are based on an evaluation of credibility and demeanor. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). A trial court's finding that an officer's testimony is credible is afforded much respect. *See Dunn v. State*, 478 S.W.3d 736, 744 (Tex. App.—Fort Worth 2015, pet. ref'd). I would afford the same respect to a trial court's finding that an officer's testimony is not credible.

Based on almost total deference to the trial court's ruling, I would affirm the trial court's order granting LeBlanc's motion to suppress. Therefore, I respectfully dissent.


Alex Yarbrough
Justice


Do not publish.

4