**Concurring opinion issued November 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-14-00716-CR

————————————————

**ELDER WILFREDO SOMOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1910774**

---

## CONCURRING OPINION

When evaluating the sufficiency of an affidavit to support a search warrant, the well-established general rule precludes reliance upon extraneous evidence to support the warrant. Following that rule, I would find the four corners of the

affidavit in this case sufficient to support the search warrant. Accordingly, I concur in the judgment.

When a challenge is made to the legal sufficiency of a search warrant in Texas, the trial court is limited to looking within the "four corners" of the affidavit. *Cates v. State*, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003). The general rule is that "an otherwise insufficient [warrant] affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. . . . A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless." *Whiteley v. Warden*, 401 U.S. 560, 565 n.8, 91 S. Ct. 1031, 1035 (1971). Article 18.01(b) of the Code of Criminal Procedure requires that information leading to a probable cause determination be recorded precisely so "that the search will not be later justified by information that was never called to the attention of the constitutionally mandated neutral magistrate." *Clay v. State*, 391 S.W.3d 94, 100 n.21 (Tex. Crim. App. 2013). The only exception is when there is a challenge based on a known falsehood within the affidavit, which allows consideration of evidence outside the four corners of the affidavit. *Cates*, 120 S.W.3d at 355 n.3. Here, Somoza does not challenge the affidavit based on a known falsehood; rather, he accepts it at face value and argues that it defeats probable cause.

Both the Court of Criminal Appeals and the U.S. Supreme Court thus have cautioned against using extrinsic testimony to supplement or rehabilitate a defective affidavit. Allowing oral testimony to supplement the affidavit at a suppression hearing opens the door to further testimonial correction of affidavits beyond clerical errors. Such a procedure could be prone to abuse. *See* WAYNE R. LAFAVE, 2 SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 4.3(a), at 640 (5th ed. 2012).

In this case, the court relies upon cases referring to defects in a *search warrant* for the proposition that purely technical defects can be remedied by sworn testimony. *See, e.g.*, *Green v. State*, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990). While these authorities permit testimony to explain a defect in a warrant, they do not justify similar testimony to explain substantive defects in an *affidavit* used to obtain the warrant.

This case can be resolved under the guidelines of *McLain v. State*, 337 S.W.3d 268 (Tex. Crim. App. 2011), in which the Court of Criminal Appeals instructed us to interpret affidavits "in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences." *McLain*, 337 S.W.3d at 271 (quoting *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). Appellate courts are required to defer to all reasonable inferences that magistrate could have made and give "great deference" to the magistrate's finding

of probable cause. *Id.* A highly deferential reading of the facts on the face of the affidavit here is sufficient to affirm the trial court.

Officer Rodriguez stated in his affidavit that he had reason to believe Somoza was driving while intoxicated "on or about July 31, 2013 at 11:59 AM." Officer Rodrgiuez further stated that he was "on patrol" at the time he observed this. Somoza admitted that he drank two beers. Officer Rodriguez was trained and had experience with drawing blood to determine a person's level of intoxication. His affidavit stated a belief, based on all his observations, that a blood sample would provide evidence of Somoza's state of intoxication, as well as the type of substance consumed. The affidavit was sworn and subscribed on August 1, 2013 at 1:38 a.m.

Taken at face value, the affidavit establishes that 13.5 hours passed between the observation of intoxicated driving and the execution of the affidavit. If the affidavit were correct in this regard, it would mean that Officer Rodriguez implausibly worked a minimum of 13 hours before swearing out his affidavit. That literal reading also would significantly undercut Officer Rodriguez's stated belief that a blood draw would lead to evidence of intoxication, contrary to the common sense that magistrates are expected to use in evaluating the affidavit. Taking the affidavit literally also would mean that Somoza had admitted to drinking two beers

4

in the morning. While not entirely unheard-of,[*] most people don't drink beer before noon.

Drawing all of these observations from within the four corners of the affidavit supports the reasonable inference that the stated time was a single-character typographical error and "PM" was intended instead of "AM." Reading "11:59 AM" to have meant "11:59 PM" resolves the inconsistencies arising from a literal reading. The magistrate could have made these reasonable inferences in the course of making his probable cause determination, and we are required to defer to such inferences. The information within the four corners of the affidavit is sufficient to conclude that probable cause existed to support the warrant.

I would affirm the trial court's ruling without considering the extrinsic evidence adduced at the suppression hearing.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring.

Publish. TEX. R. APP. P. 47.2(b).

---

[*] *See, e.g.*, ALAN JACKSON & JIMMY BUFFETT, IT'S FIVE O'CLOCK SOMEWHERE (Arista Nashville 2003).